# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CASE NUMBER 4:14-CR-00119 |
| v. | § |
| | § |
| | § |
| DOUGLAS SOVERIEGN SMITH, JR. | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 12, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Brian Poe and Jack Strickland. The Government was represented by Marisa Miller.

Douglas Sovereign Smith, Jr. was sentenced on December 5, 2005, before The Honorable Terry R. Means of the Northern District of Texas after pleading guilty to the offense of Receipt and Distribution of Child Pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 37 and a criminal history category of I, was 210 to 240 months. Douglas Sovereign Smtih, Jr. was subsequently sentenced to 96 months of confinement subject to the standard conditions of release, plus special conditions to include sex offender treatment that may include psycho-physiological testing, prohibition of pornography, register as a sex offender, not seek employment with minors under 18, and have no unsupervised contact with minors under 18, a

$20,000.00 fine, and a $100 special assessment. On December 27, 2012, Douglas Sovereign Smith, Jr. completed his period of imprisonment and began service of the supervision term. On February 16, 2012, the conditions were modified to include not to have contact with or use devices to include cellular telephones, computers, or other devices with Internet capability, no portable storage devices, shall not possess or view any sexually explicit conduct, no access to a computer except for employment and schooling, advise anyone in household of computer monitoring, and shall disclose all online account information. On July 29, 2014, jurisdiction in this matter was transferred to the Eastern District of Texas and assigned to The Honorable Richard A. Schell, U.S. District Judge. On February 21, 2017, this case was reassigned to The Honorable Amos L. Mazzant, III, U.S. District Judge for the Eastern District of Texas. On March 1, 2017, the conditions were modified to include computer and cell phone monitoring.

On March 13, 2019, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 4, Sealed]. The Petition asserted that Defendant violated three (3) conditions of supervision, as follows: (1) The defendant shall participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community; (2) The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with Internet capability; computers, iPods, Personal Digital Assistants (PDAs); portable storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection without the permission of the U.S. Probation Office. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of

recording and/or photographic equipment; and (3) The defendant shall not possess or access a computer, except in the course of his/her employment or schooling. Such computer shall have no modem or other device that would allow access to the Internet. The defendant shall allow the probation officer to have access to any computer to which he or she has access for the purpose of monitoring this condition. The defendant shall provide the probation officer with access to any requested financial information for the purpose of monitoring his/her compliance with the imposed computer access/monitoring conditions.

The Petition alleges that Defendant committed the following acts: (1) On September 21, 2018, the defendant submitted to a polygraph examination. This test was rendered inconclusive because the defendant utilized the countermeasure of making too many movements throughout the exam, despite being advised to remain still, which caused distortion in the data. As such, he failed to participate in the psycho-physiological testing component of the sex offender treatment service. Additionally, on December 14, 2018, the defendant submitted to a polygraph examination. This test was rendered inconclusive. The examiner noted that the defendant admitted to engaging in countermeasures by praying during the exam, despite being told not to, therefore failing to participate in the psycho-physiological testing component of the sex offender treatment service. Additionally, on February 22, 2019, the defendant submitted to a polygraph examination. This test was rendered inconclusive. The examiner noted that the defendant was totally unresponsive to all questions, both relevant and nonrelevant, resulting in no usable data. The defendant's responses were consistent with drug ingestion despite the fact that prior to the examination, he completed a health questionnaire. The medications identified should not have the physiological effects identified in the charts. Therefore, the defendant utilized another countermeasure in order to not participate in the psycho-physiological testing component of the sex offender treatment

service; (2) On May 14, 2013, the defendant reported to the U.S. Probation Office for an office visit with a thumb drive in his possession. He reported it contained a manuscript he wrote while in prison. He gave the manuscript to a friend, who put it on a thumb drive in order for the defendant to edit it. The defendant did not have permission to possess a portable storage device; and (3) On November 9, 2013, during an unannounced home visit, Senior U.S. Probation Officer Linda Werner witnessed the defendant accessing the Internet without the permission of the U.S. Probation Office. The defendant admitted he was listening to an NPR podcast of a financial seminar. The defendant's wife, Judy Smith, admitted she accessed the Internet on her computer to allow the defendant to listen to the podcast.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation two (2) of the Petition. The Government dismissed allegations one (1) and three (3). Having considered the Petition and the plea of true to allegation two (2), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends the Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons for six (6) weeks, with a term of life on supervised release to follow. In addition to any standard or mandatory conditions of supervision, the following special conditions of release should be imposed, as stated on the record:

(1) You must participate in a sex offender treatment program, which may include the application of physiological testing instruments. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in

consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session. Polygraph testing will be suspended for the first 6 months of supervision. An extension of the suspension can be requested by the defendant or the probation officer from the Court.

(2) You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material.

(3) You must not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

(4) You must not seek nor maintain, without prior permission of the probation officer, employment or volunteer work at nay location and/or activity where minors under the age of 18 would congregate.

(5) You must allow the probation officer to install monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)), cellular telephone, or tablet device you are authorized by the probation officer to use.

(6) You must allow the U.S. Probation Office to install software designed to monitor activities on any computer, cellular telephone, or tablet you are authorized to use. This may include, but is not limited to, software that may record any and all activity on the

devices the defendant may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, text and chat conversations. The defendant will pay any costs related to the monitoring of his/her computer usage.

(7) You must provide the probation officer with access to any requested financial information for purposes of monitoring your compliance with the imposed computer access/monitoring conditions.

(8) You must advise anyone in your household that any computer in the household may be subject to computer monitoring.

(9) You must not attempt to remove, tamper with, or in any way circumvent the monitoring software.

(10) You must disclose all on-line account information, including user names and passwords, to the U.S. Probation Office. The defendant shall also, if requested, provide a list of all software/hardware on his/her computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor the defendant's computer usage.

(11) You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Fannin County, Texas, if appropriate.

**SIGNED this 15th day of April, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE